UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERRY HARRIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-865 (JCH) |
| ) | |
| ALAMO RENT A CAR, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Plaintiffs' Motion to Remand and for Sanctions (Doc. No. 6), filed May 8, 2007. The matter is fully briefed[1] and ready for a decision.

## BACKGROUND

On July 14, 2003, Plaintiffs Sherry Harris, Doris Ellis, and Ida Mae Johnson (collectively "Plaintiffs") filed their original Petition for Damages in the Circuit Court of the City of St. Louis, Missouri. (Notice of Removal, Doc. No. 1 Ex. 1). Plaintiffs allege that Defendant Alamo Rent A Car, LLC ("Alamo") reported its 2003 Chevrolet Astro Van ("Van") stolen on January 6, 2003. (Id. at ¶ 2). Alamo, however, actually had possession of the Van and continued renting it to customers. (Id. at ¶ 3). Defendant Lisa Micali ("Micali"), who worked for Alamo as its Car Controller, failed either to realize this fact or to inform police of the mistake. (Id. at ¶ 5-6). On February 23, 2003, Plaintiffs rented the Van. (Id. at ¶ 7). While they were driving it, the police stopped them because they were driving a stolen vehicle. (Id. at ¶ 8). This police stop allegedly caused Plaintiffs emotional distress. (Id. at ¶ 8).

---

[1]Defendant Alamo filed a sur-reply brief as well. The Court will ignore this brief because it did not grant Alamo leave to file additional briefing. E.D.Mo. L.R. 4.01(C).

- 1 -

On April 12, 2007, Plaintiffs voluntarily dismissed Micali without prejudice. (Id. at Ex. 7). On April 30, 2007, Alamo filed for removal on the basis of diversity of citizenship.[2] (Id. at ¶ 5-6). The parties agree that Plaintiffs are citizens of Illinois, Alamo is a citizen of Florida and Delaware,[3] and Micali is a citizen of Missouri. (Id. at ¶ 4, 9-10; Motion to Remand, Doc. No. 6 pg. 2). Plaintiffs allege that the Court must remand this case because, pursuant to 28 U.S.C. § 1446(b), the removal was untimely.

## **DISCUSSION**

On a motion to remand, the party seeking removal and opposing remand bears the burden of establishing the Court's jurisdiction. In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. Manning v. Wal-Mart Stores E., Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citation omitted).

**I.      Does the First Paragraph of 28 U.S.C. § 1446(b) Require Remand?**

Plaintiffs allege that Alamo's removal was untimely because it failed to file a notice of removal within thirty days of receiving the initial pleadings. (Mot. to Remand, Doc. No. 6). The first paragraph of § 1446(b) provides that a defendant must file a notice of removal within thirty days of receiving the initial pleadings. 28 U.S.C. § 1446(b). The second paragraph, however, provides that if a case is not initially removable, the defendant has thirty days to file a notice of removal after the defendant receives a copy of any document showing that the case has become removable. Id.

---

[2] See 28 U.S.C. § 1332(a)(1).

[3] A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

28 U.S.C. § 1441(b) provides that a defendant may not remove to federal court on the basis of diversity if any defendant is a citizen of the state where the action was filed. Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992); Dorsey v. Sekisui Am. Corp., 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999). Here, Micali is a resident of Missouri, which prevented removal when this case was initially filed. Micali was dismissed from the case in April 2007. Alamo filed its notice of removal within thirty days. Thus, Plaintiffs' first argument fails.

## II.     Does the Second Paragraph of 28 U.S.C. § 1446(b) Require Removal?

Plaintiffs also allege that Alamo's removal was untimely because it failed to file a notice of removal within one year after the commencement of this action.

The relevant statutory language provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of [a] ... paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action*.

28 U.S.C. § 1446(b) (emphasis added). The one-year limit only applies to cases that were not initially removable. Brown v. Tokio Marine & Fire Ins. Co., 284 F.3d 871, 873 (8th Cir. 2002). Courts, however, disagree about whether the one-year limit is subject to an equitable exception. See Tedford v. Warner-Lambert Co., 327 F.3d 423, 425-26 (5th Cir. 2003) (discussing disagreement). Although the Eighth Circuit has not addressed this issue, it has stated that "[f]ailure of a party to remove within the one year limit precludes any further removal based on diversity." Lindsey v. Dillard's, Inc., 306 F.3d 596, 600 (8th Cir. 2002).

The Fifth Circuit is the only federal court of appeals[4] to address this issue. It held that § 1446(b)'s one-year limit "is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." Tedford, 327 F.3d at 426. It reasoned that the time limit for removal is not jurisdictional, rather it is merely modal and formal and may be waived.[5] Id. After examining a previous decision on the one-year limit for removal, it concluded that if a plaintiff sleeping on his right to raise the one-year limit "justified application of an equitable exception in the form of waiver, Tedford's forum manipulation justifies an application of an equitable exception in the form of estoppel." Id. at 426-27 (discussing Barnes v. Westinghouse Elec. Corp., 962 F.2d 513 (5th Cir. 1992)). Finally, it reasoned that a strict application of the one-year limit would contravene Congress' intent because even though Congress intended to limit diversity jurisdiction by adding the one-year limit, "it did not intend plaintiffs to circumvent [diversity jurisdiction] altogether." Id. Many district courts also emphasize this danger of forum manipulation when finding an equitable exception exists. See Foster v. Landon, No. Civ. A. 04-2645, 2004 WL 2496216, at *2 (E.D. La. Nov. 4, 2004); Leslie v. BancTec Serv. Corp., 928 F. Supp. 341, 347 (S.D.N.Y. 1996); Saunders v. Wire Rope Corp., 777 F. Supp. 1281, 1284 (E.D. Va. 1991); Kite v. Richard Wolf Med. Instruments, 761 F. Supp. 597, 600-01 (S.D. Ind. 1989).

---

[4]The Fourth and Eleventh Circuits have hinted that the ban is absolute. See Lovern v. Gen. Motors Corp., 121 F.3d 160, 163 (4th Cir. 1997) (stating in dicta that the one-year limit was "an absolute bar to removal of cases in which jurisdiction was premised on 28 U.S.C. § 1332."); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 n.12 (11th Cir. 1994) (stating in dicta that "Congress has recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction.").

[5]Some district courts rely on this rationale to find that an equitable exception exists. See Barnett v. Sylacauga Autoplex, 973 F. Supp. 1358, 1365-67 (N.D. Ala. 1997).

Conversely, other courts hold that the one-year limit is absolute. These courts argue that the plain language of § 1446(b), as well as its legislative history,[6] compels such a conclusion. See Russaw v. Voyager Life Ins. Co., 921 F. Supp. 723, 724-25 (M.D. Ala. 1996). Specifically, they believe that the "statute says what it says. Any attempt to read into the statute an equitable exception amounts to judicial legerdmain." Jones Mgmt. Servs., LLC v. KES, Inc., 296 F. Supp. 2d 892, 894 (E.D. Tenn. 2003); see also Santiago v. Barre Nat'l, Inc., 795 F. Supp. 508, 510-12 (D. Mass. 1992) (explaining "the statute contains no exceptions to its prohibitionary language"). Courts also adopt this view because they must resolve all doubts in favor of remand. Horn v. Serv. Merch. Co., 727 F. Supp. 1343 (N.D. Cal. 1990). Although courts strictly applying the one-year limit recognize that their standard "lends itself to abuses and inequities," they believe that it "is for the Congress and not [the courts] to rewrite the provisions of section 1446(b) to curb such abuses." Caudill v. Ford Motor Co., 271 F. Supp. 2d 1324, 1327 (N.D. Okla. 2003) (quoting Martine v. Nat'l Tea Co., 841 F. Supp. 1421, 1422 (M.D. La. 1993)).

Upon consideration, the Court finds that the one-year rule is not subject to an equitable exception. Although the Court is hesitant to endorse a view that may encourage forum shopping,

---

[6]The legislative history explains:

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption.

H.R.Rep. No. 100-889, at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33.

analysis of a statute must begin with its plain language, and if unambiguous, "that language is conclusive absent legislative intent to the contrary." In re M & S Grading, Inc., 457 F.3d 898, 901 (8th Cir. 2006). Here, the plain language sets out an absolute one-year limit. The legislative history acknowledges that the one-year limit "is a modest curtailment in access to diversity jurisdiction," indicating Congress' awareness[7] that some defendants may lose access to a federal forum. H.R.Rep. No. 100-889, at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33. Finally, creating an exception to the one-year limit contravenes the Court's role of interpreting and applying a statute as written by Congress. See United States v. White Plume, 447 F.3d 1067, 1076 (8th Cir. 2006) (acknowledging that Congress, not the courts, write statutes); Royer v. Harris Well Serv., Inc., 741 F. Supp. 1247, 1248 (M.D. La. 1990) (holding it is for Congress to rewrite § 1446(b)). Here, Alamo removed almost three years after the one-year limit ran, making the removal untimely.

Even assuming that an equitable exception to the one-year limit exists, the Court would still find the removal was untimely. Equitable tolling is a rarely used doctrine and requires, in this context, something more than the "aroma of manipulation." Foster, 2004 WL 2496126, at * 2. Here, Plaintiffs' choice of Defendants is not inherently suspicious. They sued Alamo, who rented them the Van, and Micali, the employee that failed properly to track Alamo's inventories. (Notice of Removal, Doc. No. 1 Ex. 1). Missouri is a logical forum because the negligent acts occurred there. (Id.); see BASF Corp. v. Symington, 50 F.3d 555, 558 (8th Cir. 1995) (plaintiff has the right to choose where it will sue). The almost four years that elapsed between the commencement of this action and the voluntary dismissal of Micali is not indicative of forum manipulation. If Plaintiffs had truly intended to avoid federal court, they would not have waited until now to dismiss Micali. Thus, the Court finds that even if the equitable exception applied, it would be not available to Alamo.

---

[7]The Commentary to the 1988 Revisions of 28 U.S.C. § 1446(b) characterized Congress' enactment of the one-year limit as having "an anti-diversity ring to it."

### III. Awarding of Attorney's Fees.

Finally, Plaintiffs request an award of costs and attorney's fees, pursuant to 28 U.S.C. § 1447(c) and Fed. R. Civ. P. 11, due to Alamo's improper removal because Alamo's only motivation for removing was to delay the upcoming trial. Alamo responds that Plaintiffs' motion for sanctions is procedurally improper[8] and fails to show that Alamo acted in bad faith.

The relevant statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The awarding of fees under § 1447(c) is not mandatory, rather it is left to the Court's discretion. Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 709, 163 L. Ed. 2d. 547 (2005). Furthermore, there is no bias in favor of, or against, fee awards. Id. at 710. In general, a district court may award attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 711.

Upon consideration, the Court will deny Plaintiffs' requests for attorney's fees. Alamo's equitable exception argument was an objectively reasonable basis for seeking removal. No precedent from either the Eighth Circuit or the Eastern District of Missouri existed on this issue. See Alcorn v. Union Pac. R.R. Co., 3 F. Supp. 2d 1085, 1088 (W.D. Mo. 1998) (holding award of attorney's fees is not proper when there is no controlling precedent). Furthermore, the only federal appellate decision supported its position. Cf. State ex rel. Nixon v. Nextel West Corp., 248 F. Supp. 2d 885, 894 (E.D. Mo. 2003) (holding attorney's fees proper because every "case cited by the parties and found by [this] Court ... did not support removal."). Thus, Plaintiffs' request for attorney's fees is denied.

---

[8]Alamo correctly asserts that Plaintiffs' Rule 11 motion was procedurally improper because the rule requires that "a motion for sanctions under this rule shall be made separately from other motions or requests ... ." Fed. R. Civ. P. 11(c)(1)(A). Plaintiffs' § 1447(c) motion was procedurally proper and the Court will rule on this issue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motions for Remand and for Sanctions (Doc. No. 6) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this <u>11th</u> day of June, 2007.

      /s/ Jean C. Hamilton
      UNITED STATES DISTRICT JUDGE